UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-41-HRW

TERRY J. BENDER,                                                                                PETITIONER,

V.          **MAGISTRATE JUDGE'S REPORT
                AND RECOMMENDATION**

STATE OF OHIO,                                                                                  RESPONDENT.


I. INTRODUCTION

Petitioner, Terry J. Bender, a prisoner currently incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI - Ashland"), filed herein a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [R. 2.] Petitioner seeks to challenge his conviction in an Ohio state court, namely the Cuyahoga County Common Pleas Court. [Id.] For the reasons set forth below, it will be recommended that this matter be transferred to the United States District Court for the Northern District of Ohio, Cleveland Division.

II. BACKGROUND

Petitioner filed the instant petition on April 10, 2007. [R. 2.] Said petition was originally docketed as one arising under 28 U.S.C. § 2241. However, because Petitioner is challenging an Ohio state court conviction, District Judge Henry R. Wilhoit determined that the petition could only be properly asserted under 28 U.S.C. § 2254 and directed that the petition be docketed as such. [R. 4.] Consistent with local practice, this matter was then

referred to the undersigned for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### III. ANALYSIS

An application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ." 28 U.S.C. § 2241(d). However, where an action could be properly filed in more than one district, a federal court may transfer the matter, pursuant to 28 U.S.C. § 1404(a)[1], for the convenience of the parties and witnesses to any other district where it might have been brought. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973). Under that section, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 537 (6th Cir. 2002).

For example, an action may be transferred to the district in which the petitioner is currently being held, as the place of detainment may often be the most convenient forum to the parties. McCoy v. United States Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976); Starnes v. McGuire, 512 F.2d 918, 928 (D.C. Cir. 1974). Conversely, a habeas petition may be transferred to the district court of the state in which the petitioner was convicted and

---

[1] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

sentenced, even if the petitioner was transferred to prison in a different state. Wilkins v. Erickson, 484 F.2d 969, 972 (8th Cir. 1973). In other words, if an action is brought in the district of confinement, a court may transfer it for convenience. Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Therefore, an action may be transferred from the district of confinement to the district of sentencing and conviction. See Braden, 410 U.S. at 497.

Here, venue is appropriate either in Ohio, where Petitioner was sentenced and convicted, or in Kentucky, where Petitioner is currently detained. However, the convenience of the parties and the witnesses, and the interest of justice, would best be served by transferring this case to the United States District Court for the Northern District of Ohio. In terms of traditional venue considerations, the Northern District of Ohio is almost surely the most desirable forum for the adjudication of Petitioner's claims.

Ohio, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records. The Eastern District of Kentucky is merely the district in which Petitioner is currently detained. Moreover, the Warden of FCI - Ashland is only the physical custodian of the Petitioner, with no authority, absent involvement and assistance from the Attorney General of Ohio, to address the merits of Petitioner's habeas petition. See Wigg v. Stovall, 2007 WL 854808, *3 (E.D. Ky. March 19, 2007) (holding that transfer to district of conviction was appropriate where respondent was only the physical custodian of petitioner and could not properly respond to the merits of petitioner's habeas petition). Finally, it is an Ohio judgment that is under attack, and Ohio's Attorney General, not Kentucky's, must defend it. See Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973).

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is recommended that this matter be transferred to the Northern District of Ohio, Cleveland Division, for further consideration.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed May 25, 2007.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge